UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

DAVID R. DAVIS, ET AL            CIVIL ACTION NO. 08-cv-2027

VERSUS            JUDGE JAMES

SHAWN L. KEMP, ET AL            MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

David Davis ("Plaintiff") filed suit in state court for personal injuries related to an automobile accident. The defendants removed the case based on an assertion of diversity jurisdiction. Soon after the removal, Plaintiff changed lawyers, and his new counsel filed a Motion for Leave to Amend (Doc. 11) that proposed to add two non-diverse defendants. Plaintiff filed a related Motion to Remand (Doc. 12) on the grounds that the new defendants would destroy subject-matter jurisdiction. The original defendants oppose both motions. For the reasons that follow, the motions will be granted.

**Relevant Facts**

Plaintiff gave a recorded statement to an insurance investigator, and a transcript is attached to the defendants' memorandum. Doc. 14. That statement provides the facts, set forth below, regarding how the accident occurred. Plaintiff was employed as the shop manager at Triple D Service Center, a Farmerville business that works on 18-wheel tractor-trailer rigs. He received a call about 11:00 o'clock one morning. A truck had broken

down in front of a grocery store on Highway 15, about five miles southeast of town. Highway 15 is a two-lane road with no shoulders, except there was a shoulder on the right side of the road in front of the store, which is located at the top of a hill. The speed limit along the highway is generally 55 miles per hour, but near the hill it is 45 miles per hour.

Plaintiff was able to start the truck, and the driver began to leave the parking lot of the store, take a right turn, and proceed toward Farmerville. The sky was pouring rain. Plaintiff said he originally started to drive away behind the truck, but something told him to back up to the top of the hill, turn on his emergency flashers, and give warning to approaching traffic of the slow-moving truck on the other side of the hill. Plaintiff did so and remained parked in the rain, on the right shoulder, with his flashers on.

Plaintiff looked in his mirror as he sat on the shoulder, and he saw a Saulsbury tractor-trailer rig top the hill, moving fast. The truck had not been in sight when the repair truck began to enter the highway. Plaintiff said he believed that the driver of the Saulsbury truck saw the slower truck and jammed on his brakes, which caused his trailer to jackknife to the shoulder and hit Plaintiff's truck. The impact knocked Plaintiff's truck across the parking lot and spun it around. The Saulsbury truck kept going, but a volunteer fireman who witnessed the accident managed to stop the driver, who said he did not know the accident happened. A local business owner volunteered that his surveillance camera recorded the entire incident.

Plaintiff refused to get in an ambulance to be taken for medical care, but he later went to a north Monroe hospital. A CAT scan was performed, and a physician told Plaintiff that the scan showed no physical harm from the wreck, but did reveal metastatic lung cancer. Plaintiff had recently been laid off from his job of 22 years and had no health insurance. He spent a week taking pain pills and a muscle relaxer for his injuries, and at the same time he was worried about how he was dying of cancer. He later went to the E. A. Conway Hospital in Monroe to seek treatment for the cancer. A physician there performed X-rays and a CAT scan. He told Plaintiff that he did not have cancer. Plaintiff does claim that pleurisy troubles his lungs.

Plaintiff filed suit in state court against Shawn Kemp, (the driver of the Saulsbury truck), Saulsbury Diesel, Inc. (owner of the truck), and Canal Insurance Company (insurer of the truck). The three defendants removed the case on December 31, 2008. They filed an answer about three weeks later. Defendants' second listed defense was "sudden emergency caused by the conduct of third persons and not of the making of defendants." The third listed defense was the fault of Plaintiff. The fourth listed defense was: "the fault of third persons for whom no defendant is legally responsible, including the fault of the motorist who had been assisted by the plaintiff David R. Davis immediately prior to the accident, in blocking the highway without adequate warning or in traveling at an excessively slow speed, thereby causing Shawn L. Kemp to act emergently by braking, which led to the impact between the vehicle driven by Shawn L. Kemp and the plaintiff vehicle."

On February 6, 2009, about five weeks after the case was removed, Plaintiff filed a motion to substitute new counsel, and the request was granted. New counsel filed, just four days later, the Motion to Amend and the Motion to Remand that are at issue today.

Plaintiff's proposed amendment revises some of his allegations about his injuries and damages, but the principal proposed change is the addition of claims against Greg Hancock and Rogers Manufacturing Corporation, the driver and owner of the slow-moving truck that Plaintiff had just assisted. Plaintiff's proposed allegations parrot those of defendants that the actions of Hancock in operating his vehicle at a slow rate of speed, so as to cause an obstruction in the roadway, presented a hazard that caused Shawn Kemp to have to brake his vehicle suddenly. Plaintiff alleges that Hancock's actions may have been a contributing factor in causing the accident.

The one-year anniversary of the accident, and the prescriptive period for filing suit, passed in February 2009 before the pending motions could be briefed and decided. Plaintiff, out of an abundance of caution, filed a separate suit in state court against Greg Hancock and Rogers Manufacturing Corporation. He alleged in that suit that those two defendants were at fault for the accident.

**Hensgens and the Proposed Amendment**

If after removal a plaintiff seeks to join a new defendant whose joinder would destroy subject matter jurisdiction, the court may (1) deny joinder or (2) permit joinder and remand the case. 28 U.S.C. § 1447(e). The court's decision of the issue is guided by the factors set

forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). See also Cobb v. Delta Exports, Inc., 186 F.3d 675, 678-79 (5th Cir. 1999). Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182.

The court must balance the defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits. Factors to be considered include (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182; Hawthorne Land Co. v. Occidental Chemical Corp., 431 F.3d 221, 227 (5th Cir. 2005).

**Analysis**

When a plaintiff knows or should know of the identity of other defendants but does not seek to add them until post-removal when they would destroy diversity, that often suggests dilatoriness and an intent to defeat federal jurisdiction. In this case, however, there are factors present that distinguish the case from the ordinary situation. Plaintiff did know the identity of Hancock and Rogers before he filed suit, but his original counsel chose not to name them as defendants. That is not surprising, as Plaintiff's own statement is to the effect that there was no oncoming traffic within sight when Hancock began to enter the

roadway. There is not much about those facts to suggest a strong case of liability against Hancock. But defendants then answered the suit and, although they did not file a third party demand against Hancock (or Rogers), they did make direct allegations that Hancock was wholly or partially at fault for the accident. Accordingly, it is likely that defendants would be entitled to have the jury assess a percentage of fault against Hancock at trial, even if Hancock is not a named party, and defendants could avoid liability for that portion of Plaintiff's damages. La. Civ. Code art. 2323 and 2324.

Plaintiff's new counsel quickly conducted his own assessment of the case, including the pleading filed by defendants, and chose to move to name as defendants those persons the original defendants were already attempting to blame for the accident. That was a quite reasonable strategy by new counsel, and one that he pursued promptly. Plaintiff may be pleased that the addition of the new parties would result in his return to state court, but the facts and circumstances presented by the record do not suggest that was his principal motivation. The claims against Hancock and Rogers do not appear to be particularly strong (based on the scant materials in the record), but when the original defendants began to cast blame on them for the accident, Plaintiff had an objectively reasonable, perhaps even a compelling, basis to add the non-diverse defendants.

If leave to amend is denied, Plaintiff will be allowed to pursue his claims against Hancock and Rogers in the state court suit that he filed. (The filing of that suit indicates Plaintiff is serious about pursuing the claims and is not merely attempting to add Hancock

and Rogers to destroy diversity jurisdiction). Plaintiff will, however, bear the additional expense of litigating essentially the same case in two forums, and judicial resources will be wasted as well. There is also the risk that Plaintiff could receive inconsistent verdicts or other results in the parallel proceedings.

The court has carefully considered the three principal <u>Hensgens</u> factors (purpose, dilatoriness, and significant injury if denied), as well as the other facts and factors that are relevant to the decision. The court is of the opinion that the best and most reasonable exercise of its discretion in this relatively new case, where there have been no substantive federal proceedings, is to permit Plaintiff to add the new defendants so that this entire controversy may be tried in a single proceeding in a single forum. Accordingly, the **Motion for Leave to Amend Complaint (Doc. 11)** is **granted**. The **Motion to Remand (Doc. 12)** is, subject to the stay set forth in the accompanying order, **granted**, and this case will be **remanded** to the Third Judicial District Court, Union Parish, Louisiana.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of April, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE