# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **DAVID R. DAVIS, ET AL.** | **CIVIL ACTION NO. 08-2027** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **SHAWN L. KEMP, ET AL.** | **MAG. JUDGE MARK L. HORNSBY** |

## MEMORANDUM ORDER

Pending before the Court is Defendants Shawn L. Kemp, Saulsbury Diesel, Inc., and Canal Insurance Company's appeal [Doc. No. 20] of Magistrate Judge Mark L. Hornsby's ruling [Doc. No. 17] and order [Doc. No. 19] granting Plaintiffs' motion to amend and motion for remand. Plaintiffs filed a memorandum in opposition [Doc. No. 22] to the appeal.

Plaintiff David R. Davis ("Davis") is a tractor-trailer mechanic. He received a distress call from a tractor-trailer ("Vehicle A") that was stranded on the shoulder of Highway 15. Davis was able to start Vehicle A. Vehicle A then prepared to pull off the shoulder and onto Highway 15. At that time, Davis was in his repair truck ("Vehicle B"). He realized that, since Vehicle A was on the downward slope of a hill, a vehicle traveling up the hill in the same direction would not likely see Vehicle A as it attempted to enter Highway 15. Davis, therefore, backed Vehicle B up the hill and turned its hazard lights on. Shortly thereafter, a second tractor-trailer (Vehicle C) came up the hill at a high rate of speed towards Vehicle A. When Vehicle C tried to stop, the tractor-trailer jack-knifed and hit Vehicle B.

Plaintiffs sued Defendants Shawn L. Kemp, the driver of Vehicle C; Saulsbury Diesel, Inc., the owner of Vehicle C; and Canal Insurance Company, the insurer of Vehicle C (hereinafter referred to as "Vehicle C Defendants") in state court. The Vehicle C Defendants removed the case to this

Court on the basis of diversity jurisdiction. A few weeks after the Vehicle C Defendants answered, Plaintiffs obtained new counsel. Four days later, Plaintiffs filed the motions to amend and remand. Plaintiffs sought to add the driver and owner of Vehicle A ("Vehicle A Defendants") to the suit, which would destroy diversity. Plaintiffs contend that they did so based on the allegations in the Vehicle C Defendants' answer that the Vehicle A Defendants were wholly/partially responsible for the accident.

Magistrate Judge Hornsby granted the motions to amend and remand under the four-factor test in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). For the reasons that follow, the Court finds that Magistrate Judge Hornsby's ruling and order were neither erroneous nor contrary to law.[1]

In *Hensgens*, the Fifth Circuit held "when faced with an amended pleading naming a new nondiverse defendant in a removed case, [courts] should scrutinize that amendment more closely than an ordinary amendment" and should generally consider four factors to determine whether the amendment is appropriate:

> For example, the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

---

[1] The Fifth Circuit has not addressed what standard of review should be applied to a district court's review of a magistrate judge's ruling on a motion to remand. This Court has adhered to the view that a motion to remand is a non-dispositive pretrial matter and will apply the clearly erroneous/contrary to law standard of review. *See Mills v. Schooner Petroleum Servs.*, 06-2237, 2007 U.S. Dist. LEXIS 12613, at *1-2 (W.D. La. Feb. 23, 2007) (citing 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a)).

*Id.*

Although the amendments will defeat federal jurisdiction, Magistrate Judge Hornsby reasoned that it was not unreasonable for Plaintiffs to decide not to sue the Vehicle A Defendants initially based on their belief that those defendants were not at fault: Davis stated to an insurance investigator following the accident that there was no oncoming traffic within sight when Vehicle A entered the highway. Once the Vehicle C Defendants alleged that the Vehicle A Defendants were wholly/partially at fault, Magistrate Judge Hornsby reasoned that Plaintiffs "had an objectively reasonable, perhaps even a compelling basis to add the non-diverse defendants." [Doc. No. 17, p. 6]. The Court agrees.

The motion to amend was filed approximately three weeks after the Vehicle C Defendants answered and within two months of filing suit. Thus, the Court finds that Plaintiffs were not dilatory in seeking leave to amend.

The Court further finds that Plaintiffs will be injured by the additional expense, risk of inconsistent judgments, and risk that they will not be fully compensated if they are forced to pursue parallel lawsuits. The Court is mindful of Vehicle C Defendants' interest in defending the claims against them in a federal forum. However, the claims against both sets of Defendants arise from the same operative facts, and it would be a waste of judicial resources to try them separately.

Accordingly, IT IS HEREBY ORDERED that the appeal [Doc. No. 20] of Magistrate Judge Hornsby's ruling [Doc. No. 17] and order [Doc. No. 19] is DENIED, and the ruling and order are AFFIRMED.

MONROE, LOUISIANA, this 11th day of May, 2009.


ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE